UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK FEATHERS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | Case No. 5:16-cv-00086-EJD<br><br>**ORDER RE: CERTIFICATE OF SERVICE** |

Civil Local Rule 5-5 describes the way in which service of pleadings can be proven. It provides:

> Whenever any pleading or other paper presented for filing is required (or permitted by any rule or other provision of law) to be served upon any party or person, unless it is served by ECF, it must bear or have attached to it:
>
> (1) An acknowledgment of service by the person served; or
>
> (2) Certificate of service stating the date, place and manner of service and the names street address or electronic address of the persons served, certified by the person who made service, pursuant to 28 U.S.C. §1746.

Civ. L.R. 5-5(a).

The Certificate of Service filed by Plaintiff Mark Feathers ("Plaintiff") on January 20, 2016 (Docket Item No. 24), does not comply with Rule 5-5. While it suggests that documents were delivered to all three defendants by Capital Process Servers and John Jacobson, it is signed by Plaintiff himself rather than "by the person who made service." In addition, the document does not disclose the date upon which the defendants were served, where they were served, how they were served, or who accepted service on their behalf.

Accordingly, the Certificate of Service is ineffective to prove service on any defendant. Plaintiff must, on or before **12:00 p.m. on January 22, 2016**, file a new document or documents that are consistent with Rule 5-5.  Failure to do so may result in the dissolution of the TRO and a summary denial of a preliminary injunction.

**IT IS SO ORDERED.**

Dated:  January 21, 2016



EDWARD J. DAVILA
United States District Judge