UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK FEATHERS,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA , N.A., et al.,<br><br>    Defendants. | Case No.  5:16-cv-00086-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION**<br><br>Re: Dkt. No. 49 |

Presently before the court is a document filed by Plaintiff Mark Feathers entitled "Request for Disqualification of Assigned Judge Pursuant to 28 U.S.C. § 144." Dkt. No. 49. The court construes Plaintiff's filing as a motion and affidavit for recusal under the indicated statute.[1]

Under § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Recusal is appropriate only where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," and may rest on either "actual bias or the appearance of bias." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). A district judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or

---

[1] The undersigned must pass on the legal sufficiency of the § 144 affidavit in the first instance. See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1387-88 (9th Cir. 1988) ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

Case No.: 5:16-cv-00086-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION

1

1  personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),

2  (b)(1).  But at the same time, "[f]ederal judges are obligated not to recuse themselves where there

3  is no reason to question their impartiality." New York City Housing Develop. Corp. v. Hart, 796

4  F.2d 976, 980 (7th Cir. 1986).  To that end, the "reasonable person" standard does not contemplate

5  "someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful

6  observer.'" United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (quoting In re Mason, 916

7  F.2d 384, 386 (7th Cir. 1990)).  Moreover, § 144 requires recusal "only if the bias or prejudice

8  stems from an extrajudicial source and not from conduct or rulings made during the course of the

9  proceeding." Toth, 862 F.2d at 1388.

10  The court has carefully reviewed Plaintiff's document but finds it legally insufficient.

11  Plaintiff's conclusion of bias stems from conduct or rulings made in another proceeding in which

12  Plaintiff is a defendant.  Because they do not stem from an extrajudicial source, neither those

13  rulings nor the fact that Plaintiff has appealed from them provide a valid basis for the

14  undersigned's recusal. Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting Liteky

15  v. United States, 510 U.S. 540, 555-56 (1994)).

16  Accordingly, Plaintiffs' motion is DENIED.

18  **IT IS SO ORDERED.**

19  Dated:  May 9, 2016



EDWARD J. DAVILA
United States District Judge