UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK FEATHERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA , N.A., et al.,<br><br>　　　　　Defendants. | Case No. 5:16-cv-00086-EJD<br><br>**ORDER DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 100 |

　　　　Plaintiff Mark Feathers ("Plaintiff") brings this action against Bank of America, N.A., "Wells Fargo Bank through its wholly owned subsidiary Wells Fargo Home Mortgage," and NBS Default Services, LLC (collectively, "Defendants") for alleged irregularities in the processing and servicing of the loan he obtained to purchase a home on Grant Road in Los Altos, California. Bank of America and Wells Fargo move for judgment on the pleadings. Dkt. No. 100. NBS joins. Dkt. No. 111. Plaintiff has not filed a written opposition to the motion, and the time to file an opposition has expired. See Civ. L.R. 7-3.[1]

　　　　This matter is suitable for decision without oral argument, and the hearing scheduled for February 1, 2018, is VACATED. As to Defendants' motion, the court finds, concludes and orders as follows:

---

[1] Plaintiff filed a motion to withdraw the complaint without prejudice, but did not cite the legal authority permitting withdrawal under these circumstances. Dkt. No. 112. The court is aware only of Federal Rule Civil Procedure 41(a)(1)(A), which permits a plaintiff to voluntary dismiss an action without prejudice by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A) does not apply, however, because Defendants have each filed and served Answers to the amended complaint. Dkt. Nos. 97, 102. Thus, Plaintiff's motion to withdraw is DENIED.

Case No.: 5:16-cv-00086-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
1

1.      Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial." Judgment on the pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)).

The standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion. Id. Thus, a court must presume all facts alleged in the complaint as true, and determine whether the complaint demonstrates a plausible entitlement to a legal remedy. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007) (discussing the standard for dismissal under Rule 12(b)(6)). It may also consider materials subject to judicial notice without converting the motion into one for summary judgment. United States v. 14.02 Acres, 547 F.3d 943, 955 (9th Cir. 2008).

2.      Because Plaintiff did not file an amended complaint after certain claims were dismissed with leave to amend (Dkt. No. 80), only one claim alleging the violation of California Civil Code § 2923.6(c) remains unadjudicated. That statute is part of the Homeowner Bill of Rights ("HBOR") and prohibits, among other things, the practice of "dual tracking" a homeowner for both a loan modification and a foreclosure. See Valbuena v. Ocwen Loan Servicing, LLC, 237 Cal. App. 4th 1267, 1272 (2015). Thus, "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). As remedies, the "HBOR provides for injunctive relief for statutory violations that occur prior to foreclosure . . . and monetary damages when the borrower seeks relief for violations after the foreclosure sale has occurred." Valbuena, 237 Cal. App. 4th at 1272.

3.      Defendants argue for judgment because the § 2923.6(c) claim is moot. "Mootness . . . restricts judicial power to the decision of cases and controversies, so that our elected government retains the general power to establish social policy." Nome Eskimo Cmty. v. Babbitt,

Case No.: 5:16-cv-00086-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

2

67 F.3d 813, 815 (9th Cir. 1995). "A case becomes moot . . . 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" Campbell-Ewald Co. v. Gomez, 136 S.Ct. 663, 669 (2016) (quoting Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012)). "'If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot.'" Id. (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013)).

4. Here, Defendants have established through a document subject to judicial notice that Plaintiff sold the Grant Road property to third-party buyers on June 13, 2017. Dkt. No. 101, at Ex. F.[2] This intervening sale precludes the court from awarding Plaintiff any relief, injunctive or otherwise, under § 2923.6(c) because that statute assumes either a pending or completed foreclosure sale. See Valbuena, 237 Cal. App. 4th at 1272. For that reason, the § 2923.6(c) claim has been rendered moot. See Campbell-Ewald Co., 136 S.Ct. at 669.

5. But though the amended complaint no longer demonstrates that Plaintiff is entitled to a legal remedy, judgment on the pleadings does not follow. "Mootness is jurisdictional." Tur v. YouTube, Inc., 1562 F.3d 1212, 1214 (9th Cir. 2009). Consequently, the court cannot enter a judgment with preclusive effect. Id. Instead, the § 2923.6(c) claim must be dismissed without prejudice. See Hampton v. Pac. Inv. Mgmt. Co. LLC, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case.").

Accordingly, the § 2923.6(c) is DISMISSED WITHOUT PREJUDICE as moot. Defendants' Motion for Judgment on the Pleadings (Dkt. No. 100) is in turn DENIED AS MOOT. No other issues remain in this action, and judgment will be entered in favor of Defendants on the

---

[2] The request for judicial notice is GRANTED. See Fed. R. Evid. 201(b) (providing that the court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").

previously-dismissed claims. Any additional matters are TERMINATED and VACATED and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 12, 2017

_____
EDWARD J. DAVILA
United States District Judge